Feb. 1840.

Weed
v.
Stevenson
and others.

---

## WEED vs. STEVENSON and others.

A deed is executed by one, and a defeasance is executed by the grantee to a person other than the grantor, and both are recorded as a mortgage, it is to be deemed in the nature of a mortgage, and may be foreclosed as such by the grantee of the deed, or his assigns.

AUGUSTUS EATON was indebted to the complainant in the sum of $1,200, payable in three payments. To secure the same, he procured George P. Stevenson and wife to convey to the complainant by deed, certain premises. At the time of the execution of this conveyance, the complainant executed to Augustus Eaton a defeasance or contract by which he agreed, if Eaton paid the complainant the said indebtedness, that he (the complainant) would convey to Eaton all the interest he acquired in said premises under said deed from Stevenson. This deed and defeasance were recorded in the book of mortgages as a mortgage. The complainant treated it as such,

and filed this bill to foreclose it as a mortgage. The

defendant Eaton demurred, for the reason that Stevenson and wife were not necessary parties—that the complainant cannot have a decree for the sale of the premises under his bill—that by the deed from Stevenson, the whole title was vested in the complainant, and a foreclosure was not necessary or proper—and that the complainant ought not to have the relief prayed for.

*H. Shumway*, for complainant.

*E. G. Spaulding*, for defendant Eaton.

THE VICE CHANCELLOR. One ground of demurrer is, that Stevenson and his wife are not necessary parties. This is true. But they are proper though not necessary parties. They might have been safely omitted; but if the complainant had any doubt about the validity of their conveyance, he might very properly have joined them, to set at rest such doubt. Here is a deed executed by one, and a defeasance executed by the grantee to another other than the grantor. Does this make a proper mortgage? The statute, Vol. 1, p. 746, Sec. 3, declares that " every deed conveying real estate which, by any other instrument in writing, shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage." Here there is no distinction taken between the defeasance being executed to the grantor or to any other person. It is only necessary that the deed and other instrument in writing shall together show that they were intended " as a security in the nature of a mortgage," to make

Feb. 1840. it a mortgage. That was the clear intent of this deed and defeasance—so expressed—so treated—so recorded—and the complainant is right in now treating it as such in this bill, and may properly proceed upon it as such. The demurrer must be overruled with costs.